IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MAYETTA S. HORNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3355-CV-S-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING ALJ

Plaintiff Mayetta Horner seeks judicial review of the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq.*, and her application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Horner alleges she became disabled as of April 1, 2005, and is therefore unable to engage in substantial gainful employment as a matter of law. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying disability and SSI benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the record supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for SSI, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a).

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the

In the instant case, the administrative law judge ("ALJ") found that Plaintiff's allegations of disabling symptoms were not credible based on the objective medical evidence, and, therefore, Plaintiff was not disabled. Plaintiff argues that the ALJ improperly weighed the medical opinion evidence, discounting the opinion of her treating physician, according undue weight to the opinion of a consultative examiner, and failing to provide reasons for his determination.

## I. The ALJ properly considered all the credible evidence of record, including the medical opinion evidence, in determining Plaintiff's residual functional capacity.

After reviewing and evaluating the evidence of record, the ALJ found that Plaintiff retained the ability to perform a range of light work with some additional mental and physical limitations. R. at 16-17. Plaintiff contends that the ALJ erred in giving little weight to the opinion of Dr. Glynn, Plaintiff's treating physician, who indicated that Plaintiff had moderate and marked limitations in a number of categories. R. at 347-48. Dr. Glynn also found that: (1) Plaintiff could not perform critical work-related activities on a sustained basis; (2) Plaintiff was "totally disabled and unemployable," and (3) Plaintiff's status was "not expected to improve." R. at 343, 348.

The ALJ, however, properly gave little weight to Dr. Glynn's opinion because it was inconsistent with the medical evidence of record and the doctor's own treatment notes. For example, Dr. Glynn's records for the periods in question contain no contemporaneous notes of clinical findings, test results, or measurements that support his conclusion that Plaintiff was disabled. *See Travis v. Astrue*, 477 F.3d 1037, 1041 (8th Cir. 2007) (citing *Edwards v. Barnhart*,

---

Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

314 F.3d 964, 967 (8th Cir. 2003) ("A physician's statement that is not supported by diagnoses based on objective evidence will not support a finding of disability.") (internal quotation marks omitted). Additionally, in October 2008, Dr. Glynn noted that Plaintiff had a tendency to exaggerate her symptoms. R. at 268. Finally, the ALJ properly explained his reasoning for discounting the opinion of Dr. Glynn, fully discussing Dr. Glynn's findings and how those findings were inconsistent with the record as a whole.

Plaintiff also argues that the ALJ improperly accorded too much weight to the opinion of Dr. Whisenhunt, a one-time consultative examiner who found that Plaintiff's poor memory scores were "less indicative of some underlying organic memory deficit and may have been exacerbated either intentionally or unintentionally." R. at 18. The Court finds that the ALJ gave proper weight to the opinion of Dr. Whisenhunt because it was based on a thorough psychological evaluation and was consistent with other medical opinions of record.[2]

Although Plaintiff argues the ALJ erred here, "[i]t is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001). The Court holds that the ALJ properly weighed the medical opinions of record in formulating Plaintiff's residual functional capacity.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

---

[2] Plaintiff also argues that there are concerns with Dr. Whisenhunt's opinion because her findings were not based on the reports and records of all doctors who examined Plaintiff during the relevant period. However, the ALJ addressed this concern in his opinion, noting that there did not appear to be any evidence of impropriety. R. at 20.

**IT IS SO ORDERED.**

Date:  September 4, 2012                     /s/ Greg Kays
                                             GREG KAYS, JUDGE
                                             UNITED STATES DISTRICT COURT